IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>v.<br><br>OZAUKEE COUNTY, WISCONSIN,<br><br>                 Defendant. | Civil Action No. _____<br><br>JURY DEMAND |

## **COMPLAINT**

Plaintiff, the United States of America ("United States"), by the undersigned attorneys, alleges as follows:

1. This civil action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII").

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343, and 1345.

3. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

4. Defendant Ozaukee County, Wisconsin ("Defendant" or "County") is a governmental body established pursuant to the laws of Wisconsin and is located within this judicial district.

5. Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6.  Barnell Williams ("Williams") filed a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") (Charge No. 443-2017-00079) on or about October 25, 2016, alleging that Defendant discriminated against her in employment based on her religion. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, the EEOC investigated the charge, found reasonable cause to believe Williams was subjected to discrimination on the basis of her religion, attempted unsuccessfully to achieve resolution of this matter through conciliation, and subsequently referred the charge to the Department of Justice.

7.  All conditions precedent to this lawsuit have been performed or have occurred.

## FACTS

8.  From December 2015 until June 2017, Williams was employed as a certified nursing assistant by the Lasata Care Center ("Lasata" or "Center"), a nursing home and rehabilitation facility that is owned by and located in the County.

9.  At the time Williams was employed at Lasata, the Center's written policy required all its employees to receive an annual flu vaccination.

10. The Center's policy, however, permitted employees to obtain a religious exemption from the vaccination requirement, allowing them to wear protective masks during the flu season instead of receiving the shot.

11. To obtain the religious exemption, the policy required employees to provide the Center with a "written statement from their clergy leader supporting the exemption with a clear reason and explanation."

12. Under the policy, an employee's failure to receive the mandatory shot, or receive a religious (or medical) exemption, was deemed a "voluntary resignation," *i.e.*, termination of employment.

2

13. In September 2016, the Center notified its employees they had until October 24 of that year to receive their mandatory annual flu shot.

14. On October 24, 2016, Williams met with Campus Administrator Ralph Luedtke, the Center's highest-ranking official, and requested a religious exemption from its mandatory vaccination. In their meeting, Williams explained that she had a religious belief stemming from her interpretation of the Bible that prohibited her from putting certain foreign substances, including vaccinations, in her body because it was a "Holy Temple." Williams told Luedtke that she believed that receiving a vaccination would violate that religious prohibition.

15. At the October 24 meeting, Luedtke told Williams that she needed to submit a letter from her clergy member to obtain the exemption, pursuant to the Center's policy. Williams responded that she could not provide such a letter because she had no affiliation with any church or organized religion and therefore had no clergy leader to write the letter.

16. Despite Williams' explanation of her religious objection, Luedtke denied Williams' request for a religious exemption from vaccination because Williams did not provide a letter from a clergy member. Luedtke told Williams that if she did not receive a vaccination she would be terminated. Specifically, Luedtke told Williams that if she did not get the shot, "Consider this your last day."

17. At their meeting, Luedtke did not allow Williams to provide any alternative to the letter from the clergy member as verification of the sincerity of her religious objection to being vaccinated.

18. To verify the sincerity of her religious objection to vaccination, Williams was prepared to provide Luedtke with a "To Whom it May Concern" letter that she had previously written that explained the Bible-grounded basis for her religious objection and cited specific

3

Biblical passages in support. Williams was also prepared to have close family members and friends personally attest to the sincerity of her religious faith and practices. Williams was unable to use the letter or the information from her friends and family because Luedtke would only accept a letter from a clergy member as verification of her faith.

19. Threatened with immediate termination by Luedtke if she did not take the flu shot, Williams relented and agreed to receive the shot, which was administered to her by the Center staff immediately after her meeting with Luedtke.

20. Right after the Center's Infection Preventionist, Deborah Steele, gave her the flu shot, Williams became emotionally distraught and cried uncontrollably up until the time she left the room.

21. Williams suffered severe emotional distress from receiving the flu shot in violation of her religious beliefs, including withdrawing from work and her personal life, suffering from sleep problems, anxiety, and fear of "going to Hell" because she had disobeyed the Bible by receiving the shot. These deep emotional problems stemming from having to take the flu shot have plagued Williams to the present.

22. The Center could have reasonably accommodated Williams' religious objection to receiving the mandatory flu shot. The Center's refusal to allow Williams to verify the sincerity of her religious exemption request by using something other than a letter from a clergy member was unjustified. In fact, since Williams filed her charge, the Center changed its policy and no longer requires a letter from a clergy leader to obtain a religious exemption to the flu vaccination requirement.

23. The Center could have reasonably accommodated Williams' religious belief, practice, and/or observance without suffering an undue burden given that its own written policy

4

provided a reasonable accommodation, *i.e.*, a religious exemption from the mandatory flu shot by permitting the wearing of a protective mask.

24. The Center is a public, non-religious employer. The requirement that the letter be from a clergy leader was not necessary for the Center's business purposes and was not related to the Center's business operations.

## CLAIMS FOR RELIEF

## COUNT I
## Disparate Treatment Based on Religion

25. The United States repeats and incorporates by reference the factual allegations set forth in paragraphs 1 - 24.

26. At times relevant here, Defendant discriminated against Williams on the basis of her religion (Christianity), in violation of Section 703(a) of Title VII, by maintaining, and enforcing against her, a written policy that required employees to submit a letter from a clergy leader in order to obtain a religious exemption from its mandatory flu shot and thus discriminated against adherents of religions which did not have clergy (and therefore could not provide a letter from a clergy leader) from obtaining the exemption.

27. Defendant's requirement of a clergy leader's letter to obtain a religious exemption from its mandatory flu shot was a facially discriminatory employment policy that discriminated on the basis of religion and was not justified by any bona fide occupational qualification.

## COUNT II
## Failure to Provide Reasonable Accommodation of Religious Practice

28. The United States repeats and incorporates by reference the factual allegations set forth in paragraphs 1- 24.

5

29. Defendant discriminated against Williams on the basis of her religion, in violation of Section 703(a) of Title VII, by failing or refusing to provide her with a reasonable accommodation of her religious, practice, and/or belief (i.e., her belief that the Bible forbid her from receiving a flu vaccination) that conflicted with Defendant's policy mandating annual flu vaccinations for its employees and requiring that any religious exemptions to the policy be supported by a letter from a clergy leader.

WHEREFORE, Williams prays that this Court grant the following relief:

A. Award damages to Williams to fully compensate her for pain and suffering caused by Defendant's discriminatory conduct alleged in this Complaint, pursuant to and within the statutory limitations of section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and

B. Award such additional relief as justice may require, together with the United States' costs and disbursements in this matter.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Date: March 6, 2018

Respectfully submitted,

    JOHN M. GORE
    Acting Assistant Attorney General
    Civil Rights Division

BY:   /s/ Louis Whitsett
    DELORA L. KENNEBREW, Chief
    (GA Bar No. 414320)
    SHARYN TEJANI, Deputy Chief
    (DC Bar No. 456150)

LOUIS WHITSETT, Senior Trial Attorney
(DC Bar No. 257626)
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, N.W.
PHB-4038
Washington, D.C.  20530
Telephone: (202) 305-0942
Facsimile: (202) 514-1005
Email:  Louis.Whitsett@usdoj.gov

MATTHEW D. KRUEGER
U.S. Attorney
Eastern District of Wisconsin

BY: /s/ Michael A. Carter
MICHAEL A. CARTER
(WI Bar No. 1090041)
Assistant United States Attorney
Eastern District of Wisconsin
517 Wisconsin Avenue
Milwaukee, Wisconsin  53202
Telephone: (414) 297-4101
Facsimile: (414) 297-4397
Email: Michael.A.Carter@usdoj.gov

Attorneys for Plaintiff United States of America

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

|  |  |  |
|---|---|---|
| *Plaintiff(s)* | ) ) ) ) ) | |
| v. | ) | Civil Action No. |
| *Defendant(s)* | ) ) ) ) ) ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*STEPHEN C. DRIES, CLERK OF COURT*

Date: _____      _____
                                                                *Signature of Clerk or Deputy Clerk*

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons and the attached complaint for *(name of individual and title, if any)*:
_____

were received by me on *(date)* _____ .

☐ I personally served the summons and the attached complaint on the individual at *(place)*:
_____
_____ on *(date)* _____ ; or

☐ I left the summons and the attached complaint at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons and the attached complaint on *(name of individual)* _____
who is designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*: _____
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____
_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.: