UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | July 30, 2018 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2018-cv-343 |
| CASE NAME: | United States of America v. Ozaukee County Wisconsin |
| NATURE OF HEARING: | Rule 16 Scheduling Conference |
| APPEARANCES: | Louis Witsett – Attorney for the government |
| | Ronald Stadler – Attorney for the defendant |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 9:36 a.m. -10:07 a.m. |

**AUDIO OF THIS HEARING AT DKT. NO. 16**

The court noted that it scheduled this hearing as a Rule 16 scheduling conference and that the parties filed a Rule 26(f) plan. It observed, however, that the defendant had filed a motion to dismiss, not an answer, and indicated that it needed to resolve that motion before the parties could discuss scheduling.

The court recapped the allegations in the complaint. The defendant's motion to dismiss asserted that the allegations did not state sufficient facts to support a claim for religious discrimination under either a disparate treatment theory or a failure to accommodate theory.

The court orally granted the defendant's motion to dismiss the portion of the claim that relied on a disparate treatment theory, because it found that the plaintiff had not alleged either an adverse employment action or any evidence to support the inference that the employment actions were taken because of a discriminatory motive based upon the plaintiff's failure to follow her employer's religious beliefs. The court dismissed Count One of the complaint.

The court denied the defendant's motion to dismiss Count Two, which alleged the failure-to-accommodate theory. The court concluded that the plaintiff had alleged sufficient facts to allow her to proceed, at this early stage, on a claim that she had a practice or belief that was religious in nature, that she'd called that practice or belief to her employer's attention, and that she had suffered some "other discriminatory treatment"—here, being required to get a flu shot because she could not produce a clergy letter, when people who belonged to religious traditions that allowed them to obtain a clergy letter did not have to take the shot.

The parties agreed with the court's proposal that it wait for the defendant to file an answer before proceeding with the Rule 16 scheduling conference. Counsel for the defendant added that he would need to consult with his client about possibly filing an interlocutory appeal, but stated that he'd let the court

1

and the plaintiff know shortly whether his client wished to pursue that route. The court acknowledged that if the defendant decides to file an interlocutory appeal, it will defer scheduling until after that appeal is resolved.

The court **GRANTS** the defendant's motion to dismiss to the extent that it sought dismissal of Count One, the disparate treatment claim. Dkt. No. 6. The court **ORDERS** that Count One is **DISMISSED.** The court **DENIES** the defendant's motion to dismiss to the extent that it sought dismissal of Count Two, the failure-to-accommodate claim. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 30th day of July, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**