UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 18-cv-343-pp

OZAUKEE COUNTY, WISCONSIN,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO CERTIFY DENIAL OF DEFENDANT'S MOTION TO DISMISS FOR INTERLOCUTORY APPEAL (DKT. NO. 18)**

**I.    Background**

After the plaintiff filed its complaint on March 6, 2018, dkt. no. 1, the defendant responded with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), dkt. no. 6. At a hearing on July 30, 2018, the court granted the motion to dismiss as to the plaintiff's disparate treatment theory of religious discrimination, but denied the motion as to the plaintiff's failure-to-accommodate theory of religious discrimination. Dkt. No. 17. Three days later, on August 2, 2018, the defendant filed an expedited, non-dispositive motion under Civil Local Rule 7(h) (E.D. Wis.), asking the court to certify its partial denial of the defendant's motion to dismiss for interlocutory appeal under 28 U.S.C. §1292(b). Because the court finds that the question presented on interlocutory appeal does not constitute a pure question of law, the court will deny the motion.

1

## II. Discussion

"Interlocutory appeals are frowned on in the federal judicial system." Sterk v. Redbox Automated Retail, LLC, 672 F.3d 535, 536 (7th Cir. 2012). Typically, "the district court must issue a final order before an appellate court has jurisdiction to entertain an appeal[,]" Abelesz v. Erste Group Bank AG, 695 F.3d 655, 658 (7th Cir. 2012), and a motion to dismiss does not qualify as a "final decision," Cherry v. Univ. of Wis. System Bd. of Regents, 265 F.3d 541, 546 (7th Cir. 2001).

In 28 U.S.C. §1292(b), Congress provided an exception to the general rule requiring a "final decision" to appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292(b) (emphasis in original). In other words, "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. . . . Unless *all* of these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)." Ahrenholz v. Bd. of

Trustees of Univ. of Ill., 219 F.3d 674, 675-76 (7th Cir. 2000) (emphasis in original).

The defendant says that the instant case presents a question of law because "[t]he key issue [in the court's denial] was whether the 'other discriminatory treatment' criterion of a prima facie religious accommodation claim under Title VII requires an adverse employment action." Dkt. No. 18 at 1. The defendant says that this "other discriminatory treatment" factor "has not been clearly defined[,]" id., and points out that defining the elements of a *prima facie* case is a question of law, id. at 1-2 (citing Loyd v. Phillips Bros., Inc., 25 F.3d 518, 522 (7th Cir. 1994)). In contrast, the plaintiff frames the question as "whether Defendant subjected Ms. Williams to 'discriminatory treatment' when it denied her accommodation request and forced her to take the vaccination[,]" dkt. no. 23 at 2, and contends that this is not a pure question of law.

The court agrees with the plaintiff that the question for the Seventh Circuit would not be a pure question of law.

"We think 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine, rather than to whether the party opposing summary judgment has raised a genuine issue of material fact." Ahrenholz, 219 F.3d at 676. As the plaintiff notes, "what constitutes the elements of a prima facie case presents a question of law." Loyd, 25 F.3d at 522.

On certification, however, the defendant would not be asking the Seventh Circuit to outline the elements of a *prima facie* case of a failure-to-

accommodate theory in a religious discrimination case. The Seventh Circuit already did that in Porter v. City of Chi., 700 F.3d 944, 951 (7th Cir. 2012), providing that

> in order to make out a prima facie case of religious discrimination based on an employer's failure to provide reasonable accommodation, a plaintiff 'must show that the observance or practice conflicting with an employment requirement is religious in nature, that she called the religious observance or practice to h employer's attention, and that the religious observance or practice was the basis for her discharge or other discriminatory treatment.

Porter, 700 F.3d at 951.

Instead, what the defendant seeks through this certification is for the Seventh Circuit to provide more guidance on what actions constitute "other discriminatory treatment" under the *prima facie* case laid out in Porter. What the plaintiff seeks is a ruling from the Seventh Circuit that says something like, "When we said 'other discriminatory treatment' in Porter, what we really meant was 'adverse employment action.'"

An interlocutory appeal of this court's ruling on the motion to dismiss is not the mechanism by which to obtain such a ruling. If the defendant seeks more guidance on what "other discriminatory treatment" means, the way to do it is through developing the factual record and presenting the argument to the court in a dispositive motion. The question of whether the defendant's actions toward the plaintiff constituted "other discriminatory treatment" is best decided on a full factual record.

Because the court has found that the question for certification does not involve a pure question of law, the court need not analyze the other factors laid

4

out in §1292(b). <u>See</u> <u>Ahrenholtz</u>, 219 F.3d at 676 (noting that *all* the statutory criteria must be satisfied in order for certification to be proper).

**III.   Conclusion**

The court **DENIES** the defendant's motion to certify the denial of defendant's motion to dismiss for interlocutory appeal under 28 U.S.C. §1292(b).

Dated in Milwaukee, Wisconsin this 3rd day of December, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**